# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Reginald James Miller,<br><br>        Plaintiff,<br>   v.<br><br>Health Care Authority (HCA), Nurse June Smith,<br><br>        Defendants. | Case No. 2:24-cv-7240-RMG<br><br><br>**ORDER** |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 32), recommending that Defendant's motion for summary judgment be granted. Plaintiff was advised that he had fourteen days to file objections to the R & R, and a failure to file timely objections would result in limited clear error review and a waiver of the right to appeal the district court's order. Plaintiff has filed no objections to the R & R.

## I.    Background

Plaintiff, a state prisoner acting pro se, brought this action claiming deliberate indifference in the treatment of a hand injury he suffered while attempting to swat an insect. The Magistrate Judge described in detail the medical record of Plaintiff, which indicated that he was treated on several occasions by prison medical staff. The Magistrate Judge concluded that the medical record does not support a claim of deliberate indifference and recommends the granting of summary judgment to Defendants. The Magistrate Judge also found that Defendant Smith was entitled to Eleventh Amendment immunity for claims brought against her in her official capacity.

## II.    Legal Standard

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B.  Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

**III.    Discussion**

The Court finds that the Magistrate Judge ably summarized the legal and factual issues in this matter and correctly concluded that Defendants are entitled to summary judgment and that Defendant Smith is entitled to claims brought against her in her official capacity.

**IV.    Conclusion**

For the foregoing reasons, the R & R (Dkt. No. 32) is **ADOPTED** as the Order of the Court.  The Court **GRANTS** Defendants' motion for summary judgment and dismisses this action. (Dkt. No. 28).

    **AND IT IS SO ORDERED.**

                                            s/ Richard Mark Gergel
                                            Richard Mark Gergel
                                            United States District Judge

July 21, 2026
Charleston, South Carolina